WARREN L. YEAGER, PROSECUTOR, v. BROWN BROS., INC., AND HARTFORD ACCIDENT AND INDEMNITY CO., RESPONDENTS.

Argued May 2, 1944—Decided May 12, 1944.

Before Justices CASE, BODINE and PORTER.

For the prosecutor, *Lloyd, Horn & Perskie* (*John Lloyd, Jr.*).

For the respondents, *Bolle, Miller & Repetto* (*Augustine A. Repetto*).

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. The employee had judgment in the Bureau. The employer then applied on rule to set this judgment aside. After hearing, the application was denied and employee's counsel then applied for a counsel fee and for costs by reason of a fee paid to an expert who testified in opposition to the rule. This application was denied in the Bureau, the ruling being affirmed on appeal to the Court of Common Pleas. We allowed *certiorari*.

The allowance of counsel fee and costs rests upon the terms of the statute. The pertinent portion of *R. S.* 34:15–64 is as follows: "The official conducting any hearing under this

chapter may, in his discretion, allow to the party in whose favor judgment is entered, costs of witness fees and a reasonable attorney fee, not exceeding twenty per cent of the judgment; and a reasonable fee not exceeding fifty dollars for any one witness, or one hundred fifty dollars in any one case, for medical witnesses residing in the state, when in his judgment the services of an attorney and medical witnesses were necessary for the proper presentation of the case." It is clear that the Bureau may award a counsel fee and costs up to a certain percentage of a judgment to a party in whose favor it was rendered. There must be a money judgment to justify the allowance.

The dismissal of a rule to open the judgment is an order in the cause and not a judgment. True, counsel rendered a service and incurred expenses, but in order to be compensated therefor the legislature must have so provided. *Textileather Corp.* v. *American Mutual Liability Insurance Co.,* 110 *N. J. L.* 483. We are not concerned with the reason behind statutory enactments, nor the wisdom or fairness thereof. We may only examine the law and search for the meaning from the language used. It is clear to us from a reading of the statute that there must be a money judgment to carry counsel fees and costs. If a change is to be made, the legislature must do it.

There seems to be no provision whatever for a counsel fee not in excess of $50.

The judgment under review is affirmed and the writ is dismissed, with costs.