30 N.J. Super. 552 (1954)
105 A.2d 445
JOSEPH A. CAPUTO, PETITIONER-APPELLANT,
v.
THE BEST FOODS, INC., RESPONDENT-APPELLEE.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1954.
Decided May 25, 1954.
*554 Before Judges EASTWOOD, JAYNE and SMALLEY.
Mr. John A. Laird argued the cause for appellant (Mr. David L. Maltz, attorney).
Mr. Isidor Kalisch argued the cause for respondent (Mr. James J. Skeffington, attorney).
*555 The opinion of the court was delivered by JAYNE, J.A.D.
The fundamental problem transported to us for decision by this appeal will be more readily understood if the events in the background are mentioned only in an abstract rather than in a detailed fashion.
On September 1, 1949 the petitioner-appellant sustained an exceedingly serious bodily injury for which he was entitled to workmen's compensation and medical aid from his employer. The employer immediately acknowledged its statutory liability and proceeded to make the requisite payments of compensation and to furnish the necessary medical care and treatment. The petitioner instituted an action at law against the American Chain and Cable Co. in which he alleged that his injuries were proximately caused by the negligence of that company.
Perhaps for some incidentally useful or precautionary purpose the petitioner filed on December 14, 1951 a claim petition with the Division of Workmen's Compensation.
The petitioner's alleged cause of action against the American Chain and Cable Co. was settled for the sum of $60,000 in damages. The firm of attorneys who represented the petitioner as the plaintiff in the compromised tort action received a fee of $10,000. On January 22, 1952 an answer to the claim petition was filed with the Division of Workmen's Compensation on behalf of the employer in which the settlement of the action against the tortfeasor for a sum in excess of the allowable workmen's compensation was averred.
The Division awarded a judgment in favor of the petitioner for temporary compensation for a period of 89 weeks commencing September 1, 1949 at the compensation rate of $25 per week and for permanent total disability for 450 weeks at a like compensation rate together with the usual rehabilitation provisions. It is to be observed that the right of the petitioner to such compensation was never controverted or denied by the employer.
The additional segments of the judgment are the ones in controversy, the first of which is the denial of a fee to the *556 attorney who prosecuted the proceeding on behalf of the petitioner in the Division of Workmen's Compensation. The other pertains to the amount of reimbursement to which the employer was entitled from the funds derived from the settlement of the independent tort action against the American Chain and Cable Company. The adjudications of the deputy director and of the Hudson County Court on appeal are substantially concordant.
Anent the denial of the attorney's fee. Assuredly the right of an attorney to compensation for his professional legal services in the prosecution of a proceeding in the Workmen's Compensation Division is prescribed and limited by the statute. Stetser v. American Stores Co., 125 N.J.L. 275 (E. & A. 1940). R.S. 34:15-64 provides:
"When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid."
Vide, Haberberger v. Myer, 4 N.J. 116 (1950), and decisions therein cited.
The legal propriety of the disallowance of an attorney's fee in the present proceeding is therefore dependent upon our determination of the question relating to the disputed amount of the reimbursement to which the employer is entitled from the fund recovered by the petitioner from the tortfeasor.
In considering the latter subject an acquaintance with R.S. 34:15-40, as amended in 1951, and particularly in the present case subdivisions (b) and (e), is imperative, and a familiarity with the decisions in United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157 (1950) and in Fireman's Fund Indemnity Co. v. Batts, 11 N.J. Super. 242 (App. Div. 1951), is informational.
Subdivisions (b) and (e) of the statute as amended by the Laws of 1951, chapter 169, page 646, effective June 5, 1951 read:
*557 "(b) If the sum recovered by the employee from the third person or corporation is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined." (Emphasis ours.)
"(e) As used in this section, `expenses of suit' shall mean such expenses, but not in excess of two hundred dollars, and `attorney's fee' shall mean such fee, but not in excess of thirty-three and one-third per centum (33 1/3%) of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding."
The judgment under review is impugned by the petitioner in that it supplies the employer with reimbursement for its total liability in the amount of $17,304.50, comprising the awards of $2,225 for temporary disability, $3,829.50 for medical expenses, and $11,250 for permanent disability benefits, without any deduction whatever therefrom of any portion of the $10,000 fee expended by the petitioner for the services of his counsel in the recovery of the damages from the tortfeasor.
The amended statute manifestly directs such a deduction in recognition of the "employee's expenses of suit and attorney's fee," and the refusal of the County Court to grant it was erroneous. Indeed, the rejection of any deduction whatever is not here defended by counsel for the respondent.
We may explain that the petitioner's disbursements for expenses of suit as distinguished from the fee paid to his attorney have been adjusted and are not implicated in this appeal.
The amount of the counsel fee of $10,000 to be deducted from the resultant reimbursement of $17,304.50 made to the employer is in the field of dispute. Initially it may be stated that the base for the calculation of the fee is not the amount paid by the tortfeasor, but the portion thereof to which the employer shall be entitled in reimbursement. Where, as *558 here, the recovery from the tortfeasor exceeds the whole compensation liability of the employer to the employee, the statutory term "reimbursement" has reference to the equivalent of the whole of the employer's liability whether actually paid or not. Savitt v. L. & F. Construction Co., 124 N.J.L. 173, 175 (E. & A. 1940).
The progressive legislative augmentations of the Workmen's Compensation Act to afford partial or entire reimbursement or indemnification to the employer in such instances were undoubtedly motivated by considerations of fairness and equity.
If we were to follow the trail of equity we would observe that the petitioner expended for the services of his attorneys one dollar for every six dollars he acquired from the tortfeasor and resolve that the petitioner should be credited in the reimbursement of the employer in a sum equivalent to 1/6 of the $17,304.50 which, in effect, is the restoration which the petitioner recovered for the benefit of the employer. This measure of the employer's contribution would be manifestly fair and just.
We face, however, the realization that the adjustment is the creature of the statute in which it is expressly declared that the reimbursement of the employer shall be "less employee's expenses of suit and attorney's fee as hereinafter defined." In subdivision (e) of the section of the statute it is declared that "expenses of suit" shall be interpreted to mean "such expenses" and that the "attorney's fee" shall mean "such fee." The Legislature then proceeds to erect a ceiling beyond which the employer shall not be chargeable for either item.
The enactment seems clearly to state that where the recovery of the employee in the tort action is equivalent to or greater than the compensation liability of the employer, the employer shall be entitled to the reimbursement less the employee's expenses of suit, "not in excess of two hundred dollars," and less the employee's attorney's fee, "not in excess of thirty-three and one-third per centum (33 1/3%)" of the amount of the employer's reimbursement, and that the amount *559 of the employee's recovery in the tort action in excess of the reimbursement is not intended to be implicated in the adjustment prescribed by the section of the statute.
Nowhere in the statutory provisions pertaining to the employer's reimbursement is there discoverable any authorization mathematically by percentage to apportion either the expenses of such a suit or the fee paid for legal services between the employer and the employee. The statute itself appears definitely and unequivocally to have methodized the admeasurement of the respective expenditures chargeable to each.
And so for us to establish the division of the fee percentagewise as previously mentioned by means of judicial construction would in effect display an unwarranted usurpation of the legislative power. A criticism of the application of the statutory prescription to the present case and to some reasonably supposititious eventualities is accordingly misaddressed to us. The Workmen's Compensation Act in many aspects is noticeably partial to the employee and doubtless intended to be so.
In reality, this appellate litigation is pursued to establish now the monetary liability of the insurance carrier of the employer. Since the so-called credit to which we resolve the petitioner is entitled is in excess of the liability acknowledged and admitted by the employer, the attorney should be afforded the opportunity to make application for the allowance of a fee for his services in the recovery of the excess. We do not, however, direct its allowance.
In response to another inquiry we are of the opinion that the issue pertaining to the disputed amount of the reimbursement to be made to the employer pursuant to the provisions of the Workmen's Compensation Act was properly cognizable in this proceeding.
Our attention is next attracted to the respondent's cross-appeal. It is addressed to the character of the existing judgment which perpetuates the liability of the employer to discharge the payments to the petitioner for permanent total disability for a period of 450 weeks and adjudges the liability *560 of the employer to make payments of compensation to the petitioner on or after December 15, 1959 "in accordance with the provisions of R.S. 34:15-12 subject to such physical or educational rehabilitation as may be ordered by the Rehabilitation Commission, and subject to periodic modifications as provided by the provisions of the Act."
The recovery and receipt of the damages by the petitioner in the tort action and the reimbursement of the employer therefrom certainly discharge the employer from its liability for the further payment of the present award to the petitioner for temporary and total permanent disability and medical expenses. That claim has been satisfied and should not be the constituent of an existing unsatisfied judgment against the employer. A reservation of the contingent and prospective claim, if any, by the petitioner for continued and additional compensation after the expiration of 450 weeks by virtue of R.S. 34:15-12 would not have been improper. But the purely speculative and prospective liability of the employer, if any, for such eventual compensation is now in an embryonic state incapable of present adjudication and ought not appropriately be embodied, as it is, in the judgment under review. In that particular the judgment should be modified.
The proceeding is remanded to the Hudson County Court with directions to effectuate the conclusions herein expressed.
Let counsel prepare and submit a conformable mandate.