34 N.J. Super. 216 (1955)
111 A.2d 802
WILLIE D.H. SHULER, PETITIONER-APPELLEE,
v.
EASTERN FOUNDRY, INC., AND CAPITAL PRODUCTS, INC., RESPONDENT-APPELLANT.
ETHEL MAE SHULER, PETITIONER-APPELLEE,
v.
CAPITAL PRODUCTS, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Hudson County Court, Law Division.
Decided February 16, 1955.
*217 Mr. Frederick A. Frost argued the cause for the petitioner-appellee Willie D.H. Shuler.
Mr. Abner W. Feinberg argued the cause for the petitioner-appellee Ethel Mae Shuler.
Mr. Jack I. Doppelt argued the cause for the respondent-appellant.
MARIANO, J.S.C. (temporarily assigned).
This is an appeal from a determination of facts and rule for judgment entered in the New Jersey Department of Labor and Industry, Workmen's Compensation Division. The appeal is directed solely to that part of the judgment which taxes respondent-appellant with its share of attorneys' fees allowed to counsel for the petitioners.
The case involved rival claims for death benefits by two alleged widows of the decedent, Perry Shuler, Sr., in their own behalf, and in behalf of each of their two infant children. *218 On June 3, 1953 Perry Shuler, Sr., suffered injuries in a compensable accident as a result of which he died on June 29, 1953. During this period temporary compensation at the weekly rate of $30 was paid by the respondent to petitioner, Ethel Mae Shuler. The statutory funeral allowance of $250 and weekly death benefits of $25 were likewise paid to petitioner, Ethel Mae Shuler, the apparent widow of the decedent, in accordance with the statute. After a total of $200 was paid on said weekly death benefit payments the respondent discontinued payment of the same upon receipt of a dependency claim petition for compensation filed by one Willie D.H. Shuler, which petition was filed on November 4, 1953. The said Willie D.H. Shuler asserted she was the legal widow of the decedent and that the latter was the father of her two infant children. On November 6, 1953 Ethel Mae Shuler filed a similar petition alleging that she was the legal widow of the decedent and that the latter was the father of her two infant children.
Respondent filed identical answers to the petitions in which the jurisdictional facts were admitted and sought an order of the Division determining the portion of the compensation to be paid to or on behalf of the decedent's dependents in accordance with N.J.S.A. 34:15-13(h) in view of the conflicting claims of the alleged widows.
On January 22, 1954 pretrial orders were signed and executed by the parties and the deputy director, which orders stated that "dependency" and "rate" were issues to be determined.
The deputy director awarded compensation to Willie D.H. Shuler and the four dependent children of the decedent. He also allowed attorneys' fees to counsel for the petitioners and taxed respondent with a share thereof. Respondent contends this latter assessment constituted error on the ground that its answers, admitting liability and seeking only a judicial determination as to the identity of the legal widow of the decedent, amounted to a tender within the purview of N.J.S.A. 34:15-64.
*219 The right to compensation for legal services in proceedings before the Workmen's Compensation Division is set forth and defined explicitly in the provisions of the Workmen's Compensation Act, itself, N.J.S.A. 34:15 et seq. Stetser v. American Stores Co., 125 N.J.L. 275 (E. & A. 1940); Haberberger v. Myer, 4 N.J. 116 (1950); Caputo v. Best Foods, Inc., 30 N.J. Super. 552 (App. Div. 1954), modified and so affirmed by the Supreme Court, January 17, 1955. Sections 26 and 64 of N.J.S.A. 34:15 are pertinent and provide as follows:
N.J.S.A. 34:15-26. Counsel Fees.
"When any proceedings have been taken under the provisions of article two of this chapter, the bureau or the County Court shall, as a part of the determination and order, either for payment or for commutation of payment, settle and determine the amount of compensation to be paid by the injured employee or his dependents, on behalf of whom such proceedings are instituted, to his legal advisers, and it shall be unlawful for any lawyer, or other person acting in that behalf, to ask for, contract for or receive any larger sum than the amount so fixed * * *."
N.J.S.A. 34:15-64. Rules and Regulations, attorney fees; costs.
"* * * The official conducting any hearing under this chapter may, in his discretion, allow to the party in whose favor judgment is entered, costs of witness fees and a reasonable attorney fee, not exceeding twenty per centum (20%) of the judgment * * * when in his judgment the services of an attorney * * * were necessary for the proper presentation of the case. When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid. * * *" (As amended, L. 1952, c. 318, sec. 1)
There is no ambiguity nor conflict in the above-quoted sections 26 and 64 of the act. Section 26 specifically authorizes the deputy director to fix and determine the amount of counsel fee to be paid by the petitioner to its attorney. Section 64, as amended, specifically authorizes the deputy director to award counsel fees to the prevailing party and is *220 equally specific in stating the necessary requirements by reason of which the respondent could avoid the assessment of counsel fees against it. There is no alternative to the method provided for. If the respondent complies with the statutory requirements the deputy director is without authority to assess counsel fees against it. Conversely, if the respondent fails to comply with the statutory requirements, it cannot be heard to complain when counsel fees are assessed against it.
To substantiate respondent's contention, therefore, it must be proven that at a reasonable time prior to the hearing compensation had been offered and the amount then due had been tendered in good faith or paid, thereby bringing the facts within the statutory exception contained in section 64. This requirement is a matter of legislative policy. McCadden v. West End B. & L. Assn., 18 N.J. Misc. 395 (C.P. 1940), affirmed 127 N.J.L. 245 (E. & A. 1941). The reason for or fairness of the statutory enactment is not the concern of the court. Yeager v. Brown Bros., 131 N.J.L. 463 (Sup. Ct. 1944), affirmed 132 N.J.L. 361 (E. & A. 1945).
The obvious purpose of the above cited section 64, as indicated in respondent's brief, is to encourage employers and workmen's compensation carriers to make voluntary payments at a reasonable time prior to trial. By so doing the employer benefits by avoiding the penalty of attorney fees, the petitioner benefits by prompt receipt of compensation for his injuries, and the administrative agency is spared unnecessary waste of time and expense necessitated by this type of litigation.
A simple method for determining the applicability of the statutory exception to respondent's alleged tender is this: Could any of the petitioners have collected their compensation benefits prior to the hearing below, had they chosen to accept the respondent's "offer?" If the attorneys for the petitioners had desisted in their efforts, would the respondent have made payment prior to the hearing, and without the benefit of the attorneys' services? The answer to these questions is obvious and to quote the respondent's answer, itself, *221 "because of the adverse claims referred to herein above, respondents cannot make payments of compensation."
Upon being confronted with conflicting claims for compensation, the respondent stopped the payments it had begun to one of the claimants, and by its answer to both petitions and the provisions of the said pre-trial orders sought a judicial determination as to which of the claimants it was liable. The very nature of the issue presented by the respondent to the Division for determination negates the contemporary existence of an outstanding offer or tender that could be acted upon by the parties to whom it was directed. Admittedly, the so-called offer or tender was contingent and conditioned upon the petitioners' proof of marital status. In so far as recovery of compensation was concerned this was as vital an issue as would have been employment status or extent of disability.
Of the three advantages of the statutory exception as cited in respondent's brief, two are absent from the facts in this case. Prompt receipt of benefits was not contemplated. Nor was the administrative agency spared time and expense. Only the respondent would benefit by avoiding attorney fees.
I cannot escape the conclusion that the respondent has failed to show that its situation came within the statutory exception. In the absence of a bona fide offer or tender the attorneys for the petitioners had no alternative but to continue the prosecution of their clients' claims. Without litigation the petitioners might have waited in vain for their compensation from a respondent paralyzed by the peril of double liability. Not that I minimize the financial embarrassment created by the decedent's marrying habits, nor fail to sympathize with the plight of the respondent-employer confronted, as it was, by dependencies springing up in various localities. The situation, however, calls for legislative rather than judicial correction.
For the foregoing reasons I find and determine that the action of the deputy director in assessing attorneys' fees against respondent-appellant was in all respects proper under the circumstances of this case.